CELIA ROSENBERG AND ABRAHAM ROSENBERG, DEFENDANTS IN CERTIORARI, v. EMMA STOVER, AS EXECUTRIX, PROSECUTRIX.

Submitted December 5, 1901—Decided February 24, 1902.

1. While the verdict or rule for judgment entered in the minutes of the Common Pleas, until the judgment record is made up, can only be evidence of the judgment when offered as such in a suit in the same court where it is entered, it may by consent of the parties be lawfully admitted in evidence in another court. *Gen. Stat.*, *p.* 1841, § 4; *Id.*, *p.* 2564, §§ 192, 194. When offered in such other court, failure to object is equivalent to consent. Such objection if not made at the trial will on review be regarded as waived.

2. In a suit upon an appeal bond given to remove a judgment from a city District Court to the Common Pleas, recovered by a husband and wife against the appellant for an injury to the wife, the fact that the judgment in the Common Pleas was by some inadvertence entered in favor of the wife alone, was held on review to be no defence to the suit. The condition of the bond was to abide the judgment of the Common Pleas, and the appellant's failure to pay the judgment was held to be a breach of the condition.

On *certiorari*.

Before Justices DIXON and HENDRICKSON.

For the prosecutrix, *Weller & Lichtenstein.*

For the defendants, *Clement de R. Leonard.*

The opinion of the court was delivered by

HENDRICKSON, J. The prosecutrix, as executrix of John D. Stover, deceased, seeks to set aside a judgment obtained against her by the defendants in the Hoboken District Court. For the better understanding of the controversy a few facts should be stated. Abraham Rosenberg and Celia, his wife, the plaintiffs below, obtained a judgment in said District Court, upon the verdict of a jury, against one Ann Carroll, for damages in an action of tort. Thereupon an appeal was taken from said judgment, and Ann Carroll, the appellant, made and filed in said court her appeal bond, executed in the sum of $200, with the usual condition. This was a joint and several bond, signed by her and said John D. Stover as her security. The case then came up and was tried *de novo* in the Hudson Common Pleas, and the plaintiffs obtained judgment against said Ann Carroll for $25 and costs. The appellant failed to pay the judgment, and departed this life leaving it unsatisfied. The surety, John D. Stover, having also afterwards died, leaving his wife, the said Emma Stover, his executrix, suit was brought against her, as such executrix, upon the appeal bond and judgment obtained.

The first point urged for reversal is that the judgment of the Common Pleas was not proved on the trial by legal evidence. The proof offered and admitted was a duly-certified copy of the rule for judgment final, as entered in the minutes of the court. It is contended that while, under section 194 of the Practice act (*Gen. Stat., p.* 2564), such rule so entered in the minutes becomes legal evidence in the court in which it is entered, as fully as if the record had been made up, there is no provision making such rule admissible as evidence of the judgment in another court. The provision for the entry of record and signing the same by one of the

judges (*Gen. Stat., p.* 2564, § 192) is extended to judgments in the Common Pleas by section 4 of "An act concerning judgments." *Gen. Stat., p.* 1841. This view of the statute appears to be correct, and if objection had been made to the proof in question on the trial, it must have been excluded. But since the evidence would have been legal if offered on a trial in the court where the rule was entered, it could, by consent of the parties, be made legal evidence elsewhere. The record shows no objection to this evidence, and the failure to object was equivalent to consent. Objections to the sufficiency of proof must be made at the trial, or they will be regarded as waived. *Cole & Taylor* v. *Cliver,* 15 *Vroom* 212.

Another point raised is that the judgment below is irregular, because entered in favor of both of the plaintiffs, although the judgment in the Common Pleas was in favor of Celia Rosenberg, one of the plaintiffs, alone. As already appears, the other plaintiff was the husband, and was lawfully joined with his wife to recover for a tort suffered by the wife alone. The rule for judgment in the Common Pleas shows that the jury found *"for the appellees* a verdict in behalf of Celia Rosenberg, wife of Abraham Rosenberg, of the appellees, for twenty-five dollars." This sufficiently indicates the verdict to be in favor of the appellees jointly for damages sustained by the wife. Thereupon judgment final was entered "in favor of said Celia Rosenberg, of the appellees, Abraham Rosenberg and Celia Rosenberg, his wife, in tort." The evident intent was to enter judgment for both the appellees. The clerk has, perhaps, failed to do so with technical accuracy. But such defect, if established, cannot be attacked collaterally. *Bordine* v. *Service,* 1 *Harr.* 47. If it had been directly attacked, the court could have corrected the judgment to conform to the verdict. And such defect could not be a bar to the recovery in the suit on the bond. The bond was duly executed by defendant's testator in favor of the plaintiffs jointly. A condition of the bond was that Ann Carroll, one of the joint obligors, should stand to and abide the judgment or order of the said Court of Common Pleas and pay the costs of the appeal. And admittedly the judgment of the Common

Pleas required Ann Carroll to pay to Celia Rosenberg $25 and costs. This the former failed to do. By reason of this breach the bond became absolute.

The other reasons were not pressed at the argument, and we find in them no ground for reversal. The result is to affirm the judgment below, with costs.